Louis Pechman
Vivianna Morales
Washcarina Martinez Alonzo
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
martinez@pechmanlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

| | | |
|---|---|---|
| CARLOS RENE CHAUCA, JORGE URGILES BERMEJO, TATJANA KOSTOVSKA, and JORDAN SAPON, | : | |
| Plaintiffs, | : | **COMPLAINT** |
| -against- | : | |
| ABITINO'S PIZZA 49th STREET CORP. d/b/a ABITINO'S PIZZERIA, MARIO ABITINO SR., MARIO ABITINO JR., SALVATORE ABITINO, and DOMINICK ABITINO, | : | **ECF CASE** |
| Defendants. | : | |

------------------------------------------------------------------------X

Plaintiffs Carlos Rene Chauca, Jorge Urgiles Bermejo, Tatjana Kostovska, and

Jordan Sapon (collectively, "plaintiffs") by their attorneys Pechman Law Group PLLC,

complaining of defendants Abitino's Pizza 49th Street Corp. d/b/a Abitino's Pizzeria

("Abitino's Pizzeria"), Mario Abitino Sr., Mario Abitino Jr., Salvatore Abitino and

Dominick Abitino (collectively, "defendants"), allege:

### NATURE OF THE ACTION

1.      This action is brought to recover unpaid minimum and overtime wages

pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New

York Labor Law § 190, *et seq.* ("NYLL").  This action is also brought to recover unpaid

spread-of-hours pay and reimbursement for work-related expenses pursuant to the

NYLL and statutory damages as a result of defendants' failure to provide wage statements and annual wage notices pursuant to the Wage Theft Prevention Act.

2.      Defendant Abitino's Pizza 49th Street Corp. is a New York corporation that owns and does business as Abitino's Pizzeria, an Italian restaurant located at 936 Second Avenue, New York, New York 10022.  At all times, Abitino's Pizzeria has been owned, operated, and controlled by the Abitino family consisting, in part, of Mario Abitino Sr., Mario Abitino Jr., Dominick Abitino, and Salvatore Abitino. Together, they manage and operate the Abitino's Pizzeria restaurant chain. The Abitino family also owns pizza restaurants at 1435 Broadway New York, New York 10018, 733 2nd Avenue New York, New York 10016, and at John F. Kennedy Airport, American Airlines Terminal 8, Jamaica, New York 11430.

3.      Plaintiffs are a group of former employees who worked as pizza makers, servers, cooks, and delivery persons who were improperly paid below the statutory minimum wage and/or denied the proper overtime premium for the hours that they worked in excess of forty per workweek, and spread-of-hours pay when the length of their workday was longer than ten hours.

4.      Defendants failed to pay its waitstaff at the full statutory minimum wage, instead paying them $5.25 for all hours worked.  However, defendants did not satisfy the strict requirements under the FLSA and the NYLL, entitling them to take a tip credit and pay a reduced minimum wage.

5.      Specifically, defendants failed to inform their waitstaff in advance that the tip credit would be applied.

6.      As a result, defendants are not entitled to reduce the minimum wages of its waitstaff by applying the tip credit allowance that is available under the FLSA and NYLL.

7.      Defendants had a practice and policy that denied non-exempt cooks and pizza makers the appropriate overtime premium compensation and instead paid them a "straight-time" hourly rate for all hours worked, including those over forty per week.

8.      Defendants required their delivery persons to purchase materials from third parties to carry out their assigned duties, and did not reimburse them for these work-related expenses.

9.      Defendants also failed to pay plaintiffs Chauca, Bermejo, and Sapon spread-of-hours pay and furnish to all plaintiffs annual wage notices and accurate wage statements.

10.     Plaintiffs seek compensation for unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

11.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

12.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as Abitino's Pizzeria is located in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

13.     Carlos Rene Chauca ("Chauca") resides in Queens, New York.

14.     Defendants employed Chauca as a pizza maker at Abitino's Pizzeria from November 2007 through April 2015.

3

15.     At all times relevant to this action, Chauca has been an employee who is engaged in commerce or the production of goods for commerce on behalf of defendants.

16.     Jorge Urgiles Bermejo ("Bermejo") resides in Queens, New York.

17.     Defendants employed Bermejo as a cook at Abitino's Pizzeria from March 7, 2011 through March 2015.

18.     At all times relevant to this action, Bermejo has been an employee who is engaged in commerce or the production of goods for commerce on behalf of defendants.

19.     Tatjana Kostovska ("Kostovska") resides in the Bronx, New York.

20.     Defendants employed Kostovska as a waitress at Abitino's Pizzeria from August 2014 through April 2015.

21.     At all times relevant to this action, Kostovska has been an employee who is engaged in commerce or the production of goods for commerce on behalf of defendants.

22.     Jordan Sapon ("Sapon") resides in Brooklyn, New York.

23.     Defendants employed Sapon as a delivery person at Abitino's Pizzeria from December 2014 through April 2015.

24.     At all times relevant to this action, Sapon has been an employee who is engaged in commerce or the production of goods for commerce on behalf of defendants.

**Defendants**

25.     Defendant Abitino's Pizzeria 49th Street Corp. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

26.     Defendant Abitino's Pizzeria 49th Street Corp. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

27.     Defendant Abitino's Pizzeria 49th Street Corp. has an annual gross volume of sales in excess of $500,000.

28.     Defendant Mario Abitino Sr. is a co-owner of Abitino's Pizzeria 49th Street Corp.

29.     Mario Abitino Sr. exercises sufficient control over Abitino's Pizzeria 49th Street Corp.'s operations to be considered plaintiffs' employer under the FLSA and NYLL.

30.     At all relevant times, Mario Abitino Sr. has had power over personnel decisions at Abitino's Pizzeria 49th Street Corp., including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

31.     Mario Abitino Sr. also established and exercised authority regarding the managerial and administrative practices at Abitino's Pizzeria.

32.     At all relevant times, Mario Abitino Sr. has had power over payroll decisions at Abitino Pizzeria including the power to retain time and/or wage records.

33.     Mario Abitino Sr. is the founder of Abitino's Pizzeria and registered Chief Executive Officer of Abitino's Pizzeria 49th Street Corp. Mario Abitino Sr. is regularly present and oversees the management of restaurant.

34.     Defendant Mario Abitino Jr. is a co-owner of Abitino's Pizzeria.

35.     Mario Abitino Jr. exercises sufficient control over Abitino's Pizzeria's operations to be considered plaintiffs' employer under the FLSA and NYLL.

36.     At all relevant times, Mario Abitino Jr. has had power over personnel decisions at Abitino's Pizzeria, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

37.     Mario Abitino Jr. also established and exercised authority regarding the managerial and administrative practices at Abitino's Pizzeria.

38.     At all relevant times, Mario Abitino Jr. has had power over payroll decisions at Abitino Pizzeria including the power to retain time and/or wage records.

39.     For example, Mario Abitino Jr. contacts employees in the event that the employee's forget to punch-in or out and determines the amount that each employee is to be paid.

40.     At all relevant times, Mario Abitino Jr.  has been involved in managing the day-to-day operations of Abitino's Pizzeria and is frequently present at the restaurant.

41.     Defendant Salvatore Abitino is a co-owner of Abitino's Pizzeria

42.     Salvatore Abitino exercises sufficient control over Abitino's Pizzeria's operations to be considered plaintiffs' employer under the FLSA and NYLL.

43.     At all relevant times, Salvatore Abitino has had power over personnel decisions at Abitino's Pizzeria, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

44.     At all relevant times, Salvatore Abitino has had power over payroll decisions at Abitino's Pizzeria, including the power to retain time and/or wage records.

45.     Salvatore Abitino also established and exercised authority regarding the managerial and administrative practices at Abitino's Pizzeria.

46.     For example, Salvatore Abitino hired plaintiff Kostovska as a server and set her weekly schedules.

47.     For example, Salvatore Abitino is the person from whom employees, including plaintiff Chauca, requested pay increases.

48.     At all relevant times, Salvatore Abitino has been involved in managing the day-to-day operations of Abitino's Pizzeria and is frequently present at the restaurant. For example, Salvatore Abitino sets the schedules, distributes wages, and monitors the register at Abitino's Pizzeria.

49.     Defendant Dominick Abitino is a co-owner of Abitino's Pizzeria

50.     Dominick Abitino exercises sufficient control over Abitino's Pizzeria's operations to be considered plaintiffs' employer under the FLSA and NYLL.

51.     At all relevant times, Dominick Abitino has had power over personnel decisions at Abitino's Pizzeria, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

52.     At all relevant times, Dominick Abitino has had power over payroll decisions at Abitino's Pizzeria, including the power to retain time and/or wage records.

53.     Dominick Abitino also established and exercised authority regarding the managerial and administrative practices at Abitino's Pizzeria.

54.     At all relevant times, Dominick Abitino has been involved in managing the day-to-day operations of Abitino's Pizzeria and is frequently present at the restaurant.

55.     For example, Dominick Abitino hired plaintiff Chauca.  He is also in charge of placing orders on behalf of the store and has distributed wages and set schedules.

## PLAINTIFFS' FACTUAL ALLEGATIONS

56.     Defendants have systematically ignored the requirements of the FLSA and the NYLL and have harmed plaintiffs, individually, as follows:

**Carlos Rene Chauca**

57.     Throughout his employment, defendants failed to pay Chauca overtime wages and spread-of-hours pay that he has earned.

58.     Chauca was hired as a pizza maker, but he also washed dishes, placed orders made by phone, and assisted the cashier.

59.     Throughout his employment, Chauca's daily schedule varied, but he regularly worked six days a week from approximately between fifty-five to seventy hours per week, as needed.

60.     For example for the week of February 18, 2013, he worked 78.72 hours, where as, the very next week, the week of February 25, 2013, he worked 56.39 hours.

61.     From approximately 2009 through March 2012, Chauca was paid $10.50 per hour for all hours worked, including hours worked over forty per work week.

62.     From approximately March 2012 through May 2013, Chauca was paid $11.50 per hour for all hours worked, including hours worked over forty per work week.

63.     From approximately June 2013 through December 2014, Chauca was paid $12.50 per hour for all hours worked, including hours worked over forty per work week.

64.     From approximately January 2014 through April 2015, Chauca was paid $13.00 per hour for all hours worked, including hours worked over forty per work week.

8

65.    Defendants failed to compensate Chauca at time and one-half his regular hourly rate for all hours he worked beyond forty in any given week.

66.    Chauca regularly worked shifts that spanned more than ten hours a day.

67.    Defendants did not pay Chauca spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

68.    Defendants failed to furnish Chauca with annual wage notices.

69.    Defendants failed to furnish Chauca with accurate statements of wages, hours worked, rates paid, and gross wages.

**Jorge Urgiles Bermejo**

70.    Throughout his employment, defendants failed to pay Bermejo overtime wages and spread-of-hours pay that he earned.

71.    Bermejo worked approximately seventy-five hours per work week— three days a week from approximately 10:00 a.m. to 11:00 p.m., two days a week from approximately 9:00 a.m. to 11:00 p.m., and one day a week from approximately 10:00 a.m. to 6:00 p.m.

72.    From March 7, 2011 through March 2015, Bermejo was paid $10.00 per hour for all hours worked, including hours worked over forty per work week.

73.    Defendants failed to compensate Bermejo at time and one-half his regular hourly rate for all hours worked beyond forty hours per work week.

74.    Bermejo regularly worked shifts that spanned more than ten hours a day.

75.    Defendants did not pay Bermejo spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

76.    Defendants failed to furnish Bermejo with annual wage notices.

9

77.     Defendants failed to furnish Bermejo with accurate statements of wages, hours worked, rates paid, or gross wages.

**Tatjana Kostovska**

78.     Throughout her employment, defendants failed to pay Kostovska the statutory minimum wage for all the time that she earned.

79.      Kostovska worked intermittently at Abitino's Pizzeria, substituting shifts when the restaurant needed it.

80.     When she worked on weekdays she worked from 4:30 p.m. to 10:30 p.m. and when she worked on weekends she worked from 4:30 p.m. to 11:00 p.m.

81.     Throughout her employment, Kostovska worked at least two, and up to three, shifts per week.

82.     Defendants paid Kostovska $5.25 per hour for all hours worked.

83.     Defendants did not provide Kostovska with notification of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL, or their intent to apply a tip credit to her wages.

84.     As a result, defendants are not entitled to reduce the minimum wages of Kostovska by applying the tip credit allowance that is available under the FLSA and NYLL.

85.     Defendants failed to furnish Kostovska with annual wage notices.

86.     Defendants failed to furnish Kostovska with accurate statements of wages, hours worked, rates paid, or gross wages.

**Jordan Sapon**

87.     Defendants did not pay Sapon the proper minimum wage, overtime wages, and spread-of-hours pay.

88.     Sapon regularly worked approximately fifty-seven hours per workweek - three days per week from approximately 12:00 p.m. through 11:00 p.m., one day a week from approximately 5:00 p.m. to 11:00 p.m., one day a week from approximately 11:00 a.m. to 5:00 p.m., and one day a week from approximately 11:00 a.m. to 11:00 p.m.

89.     Sapon occasionally worked additional hours as needed.

90.     Throughout his employment, Sapon was paid $8.00 per hour for all hours worked up to forty and $12.00 for all hours worked in excess of forty per workweek.

91.     Beginning in December 31, 2014 to the present, defendants have failed to compensate Sapon at the statutory minimum wage and at one and one-half (1½) times the statutory minimum wage for hours worked over forty.

92.     Defendants failed to furnish Sapon with annual wage notices.

93.     Defendants failed to furnish Sapon with accurate statements of wages, hours worked, rates paid, gross wages.

94.     Defendants did not pay Sapon spread-of-hours pay of an additional hour's pay at the minimum wage for every day in which his shift spanned more than ten hours.

95.     Defendants required Sapon to purchase materials from third parties to complete his work, such as a bicycle, a lock, and a helmet — totaling approximately $265.00 — and did not reimburse Sapon for these work-related expenses.

### FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Minimum Wage)

96.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

97.     The FLSA requires that employers pay employees a minimum wage for all hours worked.

98.     Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiffs.

99.     Defendants failed to pay plaintiffs Kostovska and Sapon the minimum wages to which they are entitled under the FLSA.

100.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA because defendants were required to but failed to inform plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, 29 U.S.C. § 203(m).

101.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs Kostovska and Sapon.

102.    As a result of defendants' willful violations of the FLSA, plaintiffs Kostovska and Sapon suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

103.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

104.    The NYLL requires that employers pay employees a minimum wage for all hours worked.

105.    Defendants were plaintiffs' employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed plaintiffs.

106.    Defendants failed to pay plaintiffs Kostovska and Sapon the minimum wages to which they are entitled under the NYLL.

107.    Defendants were required to pay plaintiff Kostovska the full minimum wage at a rate of $8.00 for all hours worked from December 31, 2013 through December 31, 2014, and were required to pay Kostovska and Sapon $8.75 for all hours worked from December 31, 2014, to the present under the NYLL § 650 et seq. and supporting New York State Department of Labor Regulations.

108.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs Kostovska and Sapon the minimum hourly wage.

109.    As a result of defendants' violations of the NYLL, plaintiffs Kostovska and Sapon are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
**(Fair Labor Standards Act – Unpaid Overtime)**

110.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

111.    Plaintiffs Chauca, Bermejo, and Sapon worked in excess of forty hours and defendants failed to pay them one and one-half  (1½) times the regular rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

112.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs Chauca, Bermejo, and Sapon overtime wages.

113.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Chauca, Bermejo, and Sapon.

114.     Due to defendants' willful violations of the FLSA, plaintiffs Chauca, Bermejo,  and Sapon are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**FOURTH CLAIM**
**(New York Labor Law – Unpaid Overtime)**

115.     Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

116.     Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiffs one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty.

117.     Defendants have failed to pay plaintiffs Chauca, Bermejo, and Sapon the overtime wages to which they were entitled under the NYLL.

118.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs Chauca, Bermejo, and Sapon overtime wages.

119.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay plaintiffs Chauca, Bermejo, and Sapon overtime wages based on the appropriate minimum wage rate.

120.     Due to defendants' willful violations of the NYLL, plaintiffs Chauca, Bermejo, and Sapon are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**FIFTH CLAIM**
**(New York Labor Law – Unlawful Deductions)**

121.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

122.    New York Labor Law § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law.

123.    Defendants have willfully violated the NYLL and supporting New York State Department of Labor Regulations by knowingly and intentionally requiring plaintiff Sapon to purchase and maintain bicycles and accessories to be used during the course of his employment.

124.    Through their knowing or intentional efforts to require plaintiffs to make payments by separate transaction, when such payments were not permitted as deductions under NYLL, Article 6, § 193, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

125.    As a result of defendants' willful violations of the NYLL, plaintiff Sapon is entitled to recover from defendants the payment by separate transaction for required work materials, reasonable attorneys' fees, liquidated damages, and pre- and post-judgment interest.

**SIXTH CLAIM**
**(New York Labor Law – Spread-of-Hours Pay)**

126.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

127.    Defendants did not pay plaintiffs the required spread-of-hours pay of an additional hour's pay at the minimum wage rate for every day in which their shift spanned more than ten hours.

128.    Defendants willfully failed to pay plaintiffs Chauca, Bermejo and Sapon additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which their daily shifts spanned more than 10 hours.

129.    By defendants' failure to pay plaintiffs spread-of-hours pay, defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, 146-1.6.

130.    Due to defendants' willful violations of the NYLL, plaintiffs are entitled to recover unpaid spread-of-hours pay, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

### SEVENTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

131.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

132.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.  From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

133.    The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

134.    Throughout plaintiffs' employment with defendants, defendants paid plaintiffs without providing a wage statement accurately listing:  the regular rate, overtime rate or rates of pay; the number of regular hours worked, and the number of

overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

135.     In violation of NYLL § 191, defendants failed to furnish to plaintiffs at the time of hiring, whenever there was a change to plaintiffs' rates of pay, and on or before February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

136.     Defendants failed to furnish plaintiffs with each payment of wages an accurate statement listing:  the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

137.     Due to defendants' violation of NYLL § 195(1), plaintiffs are entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

138.    Due to defendants' violation of NYLL § 195(3), plaintiffs are entitled to recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, respectfully request that this Court enter a judgment:

a.    declaring that defendants have violated the minimum wage provisions of the FLSA and the NYLL;

b.    declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

c.    declaring that defendants have violated the spread-of-hours provisions of the NYLL;

d.    declaring that defendants' violations of the FLSA and NYLL were willful;

e.    declaring that defendants violated the notice provisions of the NYLL and WTPA;

f.    declaring that defendants violated the NYLL by unlawfully deducting amounts for plaintiffs' wages and/or requiring by separate transaction payment for work related tools;

f.    disgorging from defendants and ordering them to remit back the amounts unlawfully deducted from the wages of the plaintiffs;

g.    awarding plaintiffs damages for the difference between the full hourly wage as mandated by the FLSA and the NYLL, and the hourly wages actually paid to the plaintiffs for the hours they worked;

h.    awarding plaintiffs damages for unpaid overtime wages;

       i.      awarding plaintiffs damages for unpaid spread-of-hours compensation;

       j.      awarding plaintiffs damages for unlawful deductions amounts and/or requiring by separate transaction payment for work related tools;

       k.      awarding plaintiffs liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and NYLL;

       l.      awarding plaintiffs reasonable attorneys' fees, costs, pre- and post-judgment interest pursuant to the FLSA and the NYLL; and

       m.      awarding such other and further relief as the Court deems just and proper.

Dated:    New York, New York
           August 10, 2015

                        PECHMAN LAW GROUP PLLC

                        By:  _____

                             Louis Pechman
                             Vivianna Morales
                             Washcarina Martinez Alonzo
                             Pechman Law Group PLLC
                             488 Madison Avenue - 11th Floor
                             New York, New York 10022
                             (212) 583-9500
                             pechman@pechmanlaw.com
                             morales@pechmanlaw.com
                             martinez@pechmanlaw.com
                             *Attorney for Plaintiffs*