# PECHMAN LAW GROUP PLLC
### ATTORNEYS AT LAW

488 MADISON AVENUE
NEW YORK, NEW YORK 10022
(212) 583-9500
WWW.PECHMANLAW.COM

May 6, 2016

**VIA ECF**

Hon. Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    *Carlos Chauca, et al. v. Abitino's 49th Street Corp. d/b/a Abitino's Pizzeria, et al.*, 15 Civ. 6278 (BCM)

Dear Magistrate Judge Moses:

      This joint letter is submitted on behalf of plaintiffs and defendants in the above-referenced matter. On March 22, 2016, after the end of fact discovery, the parties appeared before Your Honor for a settlement conference. With Your Honor's assistance, the parties settled this matter for $150,000.00. At the settlement conference, the parties recited the material terms of the settlement on the record. This letter is submitted pursuant to Your Honor's order dated April 4, 2016, which required the parties to set forth their views on why the settlement agreement, submitted herewith, is fair and reasonable.

## FACTUAL ALLEGATIONS

      Plaintiffs worked at Abitino's Pizza in Midtown East. Plaintiff Carlos Chauca was a pizza maker who worked between 55 and 70 hours per week from November 2007 through April 2015, earning between $10.50 and $13.00 an hour for all hours worked, including hours worked over forty per week. Plaintiff Jorge Urgiles Bermejo was a cook who worked between 60 and 74 hours per week from March 2011 through March 2015, earning $10.00 per hour for all hours worked, including hours worked over forty per week. Plaintiff Tatjana Kostovska worked as a server between 10 and 13 hours per week from September 2014 until April 2015, earning $5.25 per hour. Finally, plaintiff Jordan Sapon worked as a delivery person approximately 52 hours per week from December 2014 through April 2015, earning $8.00 per hour for all hours worked up to forty per week, and $12.00 per hour for all hours worked in excess of forty per week.

      The Complaint alleged that plaintiffs Kostovska and Sapon were not paid the minimum wage, and that Chauca, Bermejo, and Sapon were not paid overtime wages.

Plaintiffs also alleged that defendants failed to compensate them for spread-of-hours pay of an additional one hour's pay at the full minimum wage rate for each day the plaintiffs' workday exceeded ten hours. Sapon, a delivery worker, was required to purchase a bicycle, a lock, and a helmet from third parties without reimbursement. Plaintiffs also claim that defendants did not provide them with accurate weekly wage statements or with annual notices of their rates of pay as required by the Wage Theft Prevention Act.

## THE SETTLEMENT IS FAIR AND REASONABLE

Under *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), courts consider the following factors when evaluating whether a settlement is fair and reasonable: "(1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion." As per the *Wolinsky* factors, the settlement in this case is fair and reasonable.

### A. Plaintiffs' Range of Recovery and Litigation Risks

Plaintiffs' calculation of damages totaled $221,638.72 based on unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, and statutory damages pursuant to the Wage Theft Prevention Act. In total, plaintiffs were owed $77,183.06 for unpaid minimum wages, overtime compensation, and spread-of-hours pay.

Defendants alleged that Kostovska was properly noticed of the tip-credit rate, and thus had no claim for unpaid minimum wages. Defendants further asserted that Chauca and Bermejo worked significantly less hours than pled in the Complaint for the period before 2013, when Abitino's Pizza had not yet installed punch-in/punch-out machines. Last, defendants asserted that Bermejo, Chauca, and Sapon were not entitled to spread-of-hours pay as they were paid above the minimum wage rate.

Plaintiffs faced the risk that, even if they were to win on all counts at trial, they would only be entitled to $142,835.02 in total damages. Defendants further contended that, even if liquidated damages were available, plaintiffs could not recover them under both the FLSA and NYLL simultaneously, which would have further reduced plaintiffs' total damages to $114,375.25.

In light of the risks as to both liability and damages, and especially because the settlement amount of $150,000 provides recovery of 100% of back wages (even after attorneys' fees), the settlement amount is fair and reasonable.

### B. Avoidance of Litigation Burdens and Expenses

The parties requested a settlement conference before Your Honor after a Status Conference with District Judge Katherine B. Forrest at the conclusion of fact discovery. In the conference, Judge Forrest affirmed the April 25, 2016 trial date, with a joint pre-trial order due April 15, 2016, only a few weeks after our March 22, 2016, settlement conference. With four plaintiffs and four defendants to prepare for a looming trial, further litigation would have resulted in both sides incurring significant legal fees that would possibly exceed the damages at stake. Moreover, Abitino's Pizza is currently involved in at least two other lawsuits. Insisting on a trial would jeopardize plaintiffs' likelihood of recovery in light of the resources required to prepare the parties for trial and the other lawsuits, which threatened defendants' ability to pay.

### C. Product of Arms' Length Negotiations and the Absence of Collusion

Both parties were represented by experienced and competent counsel that engaged in extensive fact discovery and arms' length negotiations before Your Honor. Preparing for negotiations required a significant expenditure of time and effort, including the preparation of damage calculation spreadsheets that required the review of payroll and time records dating as far back as 2013. Plaintiffs also took the deposition of defendants' 30(b)(6) witness, Mario Abitino, Jr.

The parties began negotiations at the settlement conference on March 22, before Your Honor. Present, along with counsel, were plaintiffs Sapon, Chauca, and Bermejo, whose damages accounted for over 96% of the total settlement value, and defendant Mario Abitino, Jr., on behalf of himself, Abitino's Pizzeria, and the other three named defendants. Plaintiff Kostovska, who lives in Florida, gave her attorneys settlement authority and participated in the conference via phone.

Plaintiffs' initial demand was $221,638.72 to which defendants replied with an initial offer of $50,000. Plaintiffs then lowered their demand to $180,000, which defendants countered with $90,000. In the end, defendants accepted plaintiffs' $150,000 offer, with a thirteen-month payout period. *See* Agreement Ex. A. Defendants also agreed to an accelerated payment clause in the event of late payment, and a $25,000 penalty in the event of a default.

Plaintiffs calculated that defendants failed to pay them $77,183.06 in wages. After attorneys' fees and costs, plaintiffs will receive $98,871.00 of the total Settlement Payment.

### D. Attorneys' Fees

Pursuant to the retainer agreement between plaintiffs and their counsel, plaintiffs' attorneys' fees and costs total $51,029.00, which equals 33.3% of the settlement payment plus reimbursements of costs. This fee arrangement has routinely been found fair and reasonable. *See In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent

Hon. Barbara Moses
May 6, 2016
Page 4 of 4

incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."); *See also, Villalva-Zeferino v. Park*, No. 15 Civ. 6932 (HBP), 2016 U.S. Dist. LEXIS 19125, at *4 n. 2 (S.D.N.Y. Feb. 17, 2016)("I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.")

The parties agree that the settlement is fair and reasonable. Continuing through trial would have consumed significant amounts of time and resources, including substantial judicial resources. A trial would have been costly for all parties and could lead to the depletion of the resources used to resolve this matter. This settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses while also providing full back pay of unpaid wages to all plaintiffs.

We thank the Court for its time and consideration of this matter and for helping the parties to resolve their dispute.

Respectfully submitted,

Louis Pechman

cc: Steven Ross, Esq. (via e-mail and ECF)

Enclosure