USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RENE CHAUCA, JORGE URGILES BERMEJO, TATJANA KOSTOVSKA, and JORDAN SAPON,
   Plaintiffs,

-against-

ABITINO'S PIZZA 49th STREET CORP. d/b/a ABITINO'S PIZZERIA, MARIO ABITINO SR., MARIO ABITINO JR., SALVATORE ABITINO, and DOMINICK ABITINO,
   Defendants.

15-CV-06278 (BCM)
**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Before the Court is a proposed settlement in an action brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law (NYLL) §§ 190 *et seq.* and 650 *et seq.* In their complaint (Dkt. No. 1), plaintiffs Carlos Chauca, Jorge Bermejo, Tatjana Kostovska, and Jordan Sapon allege that defendants Abitino's Pizza 49th Street Corp. d/b/a Abitino's Pizzeria (Abitino's), Mario Abitino, Sr., Mario Abitino, Jr., Salvatore Abitino, and Dominick Abitino violated various wage and overtime provisions of the FLSA and NYLL. Plaintiffs also allege claims for inadequate wage notices and unlawful wage deductions.

The plaintiffs held varying positions at Abitino's for varying periods of time. Chauca was employed as a pizza maker from November 2007 through April 2015, Compl. ¶ 14. Bermejo was employed as a cook from March 7, 2011 through March 2015. *Id.* ¶ 17. Kostovska and Sapon worked at Abitino's for much shorter periods of time: Kostovska was a waitress from August 2014 through April 2015, *Id.* ¶ 20, and Sapon was a delivery person from December 2014 through April 2015. *Id.* ¶ 23.

Chauca, Bermejo, and Sapon each allege that defendants failed to pay them overtime wages and spread-of-hours pay. *Id.* ¶¶ 110–20, 126–30. Kostovska and Sapon allege that they were not paid the statutory minimum wage. *Id.* ¶¶ 96–109. Sapon further alleges that defendants required him to purchase materials from third parties to perform his duties and failed to reimburse him for those work-related expenses (approximately $265 in total). *Id.* ¶ 95. All plaintiffs allege that defendants failed to provide annual wage notices and accurate wage statements. *Id.* ¶¶ 131–38.

On March 22, 2016, at the conclusion of a settlement conference conducted under the supervision of this Court, the parties reached a settlement agreement and placed the material terms on the public record. Thereafter, they consented to this Court's jurisdiction for all purposes under 28 U.S.C. § 636(c) (Dkt. No. 33) and submitted a joint letter, dated May 6, 2016 (Dkt. No. 37), seeking approval of their proposed settlement agreement (the Agreement), which they filed as an attachment to their letter.

The Agreement requires defendants to pay a total amount of $150,000, with $43,704 to be paid to Chauca; $48,640 to be paid to Bermejo; $2,922 to be paid to Kostovska; $3,705 to be paid to Sapon; and $51,029 to be paid to plaintiffs' attorneys for fees and costs. Ag. at 2. The Agreement further provides for the settlement payments to be made over a fourteen-month payout period, *id.* at 2–3, and contains mutual general releases from liability.

Settlements that dismiss FLSA claims with prejudice require approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). Before a district court enters judgment, it must scrutinize the settlement to determine that it is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A fair settlement must reflect "a reasonable

compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014). After careful consideration of the parties' submissions, the Court concludes that the Agreement's terms are fair and reasonable, with the exception of the award to plaintiffs' counsel.

## ANALYSIS

### 1. Reasonable Financial Terms

Having supervised the settlement conference attended by the parties and their counsel on March 22, 2016, and having reviewed the parties' confidential *ex parte* letters prior to that conference, the Court is satisfied with the fairness of the negotiations and the financial terms of the Agreement. The net recovery for plaintiffs, when considered in light of the inherent time, cost, and risk savings for both sides in settling this case, is fair and reasonable. The parties disagree, among other things, about whether Kostovska received adequate notice of the tip credit taken by her employer (in which case she would have no viable claim for unpaid minimum wages), and the number of hours that Chauca and Bermejo worked prior to 2013, when Abitino's did not yet have a punch-in/punch-out system to record employees' hours. Jt. Ltr. at 2. These issues and more were argued at the Court-supervised settlement conference, by experienced counsel on both sides, and no doubt would be aggressively litigated should the case proceed to trial. At the time they reached the settlement agreement, a trial date had been set for April 25, 2016 – just over a month after the settlement conference was held – the risk and expense of which are avoided by settlement. *Id.* at 3. Given those factors, the overall settlement amount is reasonable.

### 2. Attorneys' Fees and Costs

A court evaluating attorneys' fees in an FLSA settlement may use either the "lodestar" method or the "percentage of the fund" method, but should be guided in any event by factors

including: "(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations." *Lopez v. Ploy Dee, Inc.*, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (citing *Goldberger v. Integrated Res., Inc.*, 209 F.2d 43, 50 (2d Cir. 2000)). Under the "percentage of the fund" method, used here, attorneys' fee awards of one third or less of the total settlement amount are generally accepted in this District. *See, e.g., Ruo Guo Zhang v. Lin Kumo Japanese Rest., Inc.*, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (reducing fee award from 37% to 33% in FLSA settlement); *deMunecas v. Bold Food, LLC*, 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting cases); *cf. Trinidad v. Pret a Manger (USA) Ltd.*, 2014 WL 4670870, at *11 (S.D.N.Y. Sept. 19, 2014) (reducing fee award from 33% of a "relatively modest" gross settlement amount obtained for a class of over 4,000 members to 25% of the net settlement). If the award to counsel (including both fees and costs) exceeds one-third of the total settlement amount, this Court requires the parties to provide a "detailed explanation and attach counsel's time and expense records." *See* Order dated April 4, 2016 (Dkt. No. 34) at 1–2.

The Agreement here provides for a fee award of $51,029, which constitutes approximately 34% of the gross settlement amount of $150,000. The parties assert that this figure comprises a fee of 33.3% of the settlement amount, plus reimbursement of unspecified costs. Jt. Ltr. at 3. As a matter of arithmetic, this translates into $49,950 in fees plus $1,079 in costs. However, the parties failed to provide a "detailed explanation" for the request or attach any time or expense records. Consequently, the Court will limit the total award to plaintiffs' counsel to one-third of the settlement fund, or $50,000. The remaining $1,029 shall be distributed to the plaintiffs, pro rata (that is, in proportion to the payments specified in the

Agreement for each of them). If any party is unwilling to accept the Court's modification, the parties must submit a supplemental fairness letter with the required "detailed explanation" and records.

### 3. Mutual General Releases

The Agreement also contains mutual releases from liability. "Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Martinez v. Gulluoglu*, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). A number of judges in this District refuse to approve any FLSA settlement unless the release provisions are "limited to the claims at issue in this action." *Lazaro-Garcia v. Sengupta Food Servs.*, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (collecting cases). Judicial disfavor of broad releases is especially pronounced where "the releases were not mutual and protected only the defendants." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, J.); *but see Flores-Mendieta v. Bitefood Ltd.*, 2016 WL 1626630, at *2 (S.D.N.Y. Apr. 21, 2016) (Nathan, J.) (rejecting mutual release in FLSA settlement that covered "any and all" causes of action "of any nature whatsoever, known or unknown").

This case involves mutual general releases, negotiated by competent counsel for both sides, releasing both plaintiffs and defendants from liability for any claims each might have against the other. *See* Ag. ¶¶ 2(A)–(C). Because this case is not a class action, at least one of the dangers posed by an overbroad release – that it would bind class members who had no bargaining power concerning the settlement terms – is not present here. *See Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5–6 (S.D.N.Y. Nov. 6, 2015) (Cott, M.J.) (approving broad

general release in non-class FLSA settlement on condition that release be mutual). As in *Souza*, the plaintiffs here are no longer employees of the defendants, reducing the danger that the release was obtained through improper job-related pressure. *See id.* at *5. Under these circumstances, a mutual general release, which will bring closure to both sides, is fair and reasonable.

## CONCLUSION

The Court finds that the Agreement is fair and reasonable, with the exception of the portion of the award to plaintiffs' counsel that exceeds one-third of the total settlement fund. The Court APPROVES the settlement AS MODIFIED to limit the award to $50,000. It is hereby ORDERED that this action is DISMISSED with prejudice and without costs, except that the action will be restored to the Court's calendar if, within 30 days of the date of this Order, a party files an application to reopen together with a supplemental fairness letter containing the required "detailed explanation" of the fee and cost award to plaintiffs' counsel and attaching the required records. Any application to reopen filed more than 30 days from the date of this Order may be denied solely on that basis. Any pending motions are DISMISSED as moot and any scheduled conferences are CANCELLED.

Dated: New York, New York
       June 29, 2016

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**